IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY (TDCJ No. 1519297), Plaintiff, V. JOHN OVARD, Defendant. | § § § § § § § § § § § | No. 3:15-cv-4035-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should (1) summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Jerry Blaney pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court and (2) sanction Blaney.

**Background**

Blaney, a Texas prisoner incarcerated at the Texas Department of Criminal Justice, pursuant to a Dallas County conviction for aggravated sexual assault of a child under fourteen, for which he was given a life sentence, has filed a *pro se* 42 U.S.C. § 1983 complaint against the judge who presided over his criminal case, alleging, among

other things, that, in 2007, the judge kidnaped and transported him over state lines and then illegally prosecuted him. *See* Dkt. No. 3. Blaney seeks habeas relief (immediate release from state custody) and monetary damages, but he has alleged no facts to show that he is currently under imminent danger of serious physical injury. *See id.* He also requests that the FBI investigate Judge Ovard and that criminal charges be brought against him. *See id.*

## Legal Standards

While Blaney has moved to proceed *in forma pauperis*, *see* Dkt. No. 4, a prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Blaney is barred from proceeding *in forma pauperis* as to civil rights complaints. *See, e.g., Blaney v. Ovard*, No. 3:14-cv-2219-K-BN, 2014 WL 4060228, at *2 (N.D. Tex. Aug. 13, 2014) ("Plaintiff has filed at least three civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim." (collecting cases: *Blaney v. Texas Veterans Admin. Reg'l Office*, No. 4:08-cv-3402, 2008 WL 5110817, at *2 (S.D. Tex. Dec. 1, 2008) (dismissing for failure to state a claim); *Blaney v. Thaler*, No. 3:10-cv-2644-D (N.D. Tex. Dec. 28, 2010) (dismissing mandamus claim as frivolous); *Blaney v. Myers*, No. 3:08-cv-1869-P (N.D. Tex. Feb. 17, 2009) (dismissing case as frivolous); *Blaney v. 5th Circuit Court of Appeals*, No. 3:10-cv-2516-B (N.D. Tex. Jan. 6, 2011) (dismissing case for failure to state a claim); *Blaney v. Thaler*, No. 3:11-cv-223-L (N.D. Tex. Feb. 24, 2011) (dismissing case for failure to state a claim); *Blaney v. Chief Judge*, No. 3:10-cv-2370-B (N.D. Tex. Dec. 16, 2010) (dismissing mandamus claim as frivolous); *Blaney v. Thaler*, No. 3:10-cv-1541-N (N.D. Tex. Dec. 28, 2010) (dismissing request to prosecute a judge as frivolous); *Blaney v. Thaler*, No. 3:10-cv-1542-K (N.D. Tex. Oct. 26, 2010) (dismissing mandamus claim as frivolous); *Blaney v. Thaler*, No. 3:10-cv-1540-K (N.D. Tex. Oct. 26, 2010) (dismissing mandamus claim as frivolous); *Blaney v. Ovard*, No. 3:11-cv-893-B (N.D. Tex. June 3, 2011) (dismissing case as barred by the three strikes provision of 28 U.S.C. § 1915(g)); *Blaney v. Fish*, No. 3:11-cv-907-L (N.D. Tex. May 31, 2011) (dismissing case as barred by the three strikes provision of 28 U.S.C. § 1915(g)); *Blaney v. Wright*, No. 3:11-cv-908-P (N.D. Tex. June 1, 2011) (dismissing case as barred by the three strikes provision of 28 U.S.C. § 1915(g))); *see*

*also Blaney v. Ovard*, No. 3:14-cv-2808-B-BK (N.D. Tex. Jan. 12, 2015) (dismissing case as barred by the three strikes provision of 28 U.S.C. § 1915(g)).

Blaney's current filing falls under the three-strikes provision. Under Section 1915(g), therefore, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks specific facts to show that Blaney is under such a threat, as required to overcome Section 1915(g). *See, e.g*, *Morgan v. Fischer*, No. 9:11cv98, 2011 WL 4457667, at *3 (E.D. Tex. July 21, 2011), *rec. adopted*, 2011 WL 4436229 (E.D. Tex. Sept. 23, 2011) ("Morgan has failed to show that he faces a genuine emergency where time is pressing, nor even that he faces any substantial risk of harm at all. His allegations are entirely conclusory, and the courts have routinely held that general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g)." (collected cases omitted)). Therefore, Blaney should be barred from proceeding *in forma pauperis. See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

### Sanctions

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p*]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas*

*County, Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also McCampbell v. KPMG Peat Marwick,* 982 F. Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

In 2011, Magistrate Judge Jeff Kaplan, in his recommendation that *Blaney v. Ovard*, No. 3:11-cv-893-B (N.D. Tex.), should be summarily dismissed pursuant to 28 U.S.C. § 1915A(a), recounted Blaney's abuse of process as related to the claims he now – again – brings before the Court:

> The court notes that this is the *sixth* lawsuit filed by plaintiff demanding that felony charges be brought against various judges and others who were involved in his state criminal trial and appeal. Four prior cases were summarily dismissed on initial screening. Although plaintiff has been repeatedly told that violations of criminal statutes do not give rise to a private right of action, he persists in filing frivolous lawsuits demanding that felony charges be brought against state court judges. In a recent case, plaintiff was warned that sanctions may be imposed if he filed other lawsuits against the judges involved in his state criminal trial and appeal. Plaintiff responded by filing objections which the district judge characterized as a diatribe of vitriol and disrespect directed at the court. As a sanction, plaintiff was barred from filing any further pleadings in that case, except for an appeal or documents related thereto. Just one month after he was sanctioned, plaintiff filed the instant action in the Eastern District of Texas....
>
> Despite repeated warnings, plaintiff continues to file frivolous lawsuits against judges and others involved in his state criminal trial. To deter such conduct in the future, plaintiff should be sanctioned $100.00 and barred from filing any civil actions in federal court until the sanction is paid.

*Blaney v. Ovard*, No. 3:11-cv-893-B, Dkt. No. 15 (N.D. Tex. May 19, 2011), *rec. adopted*, Dkt. No. 18 (N.D. Tex. June 3, 2011) (emphasis in original; internal citations, quotation

marks, and footnote omitted); *see also Blaney v. Thaler*, No. 3:11-cv-223-L Dkt. No. 7 (N.D. Tex. Feb. 24, 2011) ("In its prior order, the court warned Plaintiff that sanctions could be imposed if he continued filing frivolous actions against judges concerning his state criminal trial and appeal. The court views Plaintiff's objections to its judgment in this case as a frivolous filing that accomplishes nothing other than deliberately showing disrespect to the court. Sanctions are therefore appropriate. *The clerk of the court is accordingly **directed** to reject any further filings in this case from Plaintiff, except an appeal of this action and documents related thereto, unless he has been granted leave to file by a United States District Judge or a United States Magistrate Judge.*" (emphasis in original)).

In the Court's judgment in No. 3:11-cv-893-B, Blaney was "**warned** that sanctions may be imposed if he continues to file lawsuits against judges and prosecutors involved in his state criminal trial and appeal." *Blaney v. Ovard*, No. 3:11-cv-893-B, Dkt. No. 19 at 1 (N.D. Tex. June 3, 2011) (emphasis in original).

Given that warning, Blaney's litigation history in this Court, recounted above, and, moreover, that, through this action, Blaney again brings a facially frivolous lawsuit against a judge involved in his state criminal trial, the undersigned recommends that the Court should impose the following sanctions:

(1) Blaney shall pay a $100.00 fine, and

(2) Blaney is barred from filing any civil action in this Court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

**Recommendation**

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Blaney pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court. The Court should also sanction Blaney as set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE