IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY BLANEY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:15-CV-4035-L** |
| | § | |
| **JOHN OVARD,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

The case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 23, 2015, recommending that the court summarily dismiss without prejudice this action pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Jerry Blaney ("Plaintiff") pays the full filing fee of $400 within the time for filing objections to this recommendation or by some other deadline established by the court; and (2) sanction Plaintiff. In support of his recommendation, the magistrate judge notes that Plaintiff has filed numerous civil actions or appeals in federal court that were dismissed as frivolous or malicious or failure to state a claim, and he does not satisfy the imminent danger exception to the "three strikes" bar applicable to prisoner lawsuits. Report 2. The magistrate judge also states that this lawsuit by Plaintiff is "facially frivolous," and that Plaintiff has been warned in the past about filing frivolous lawsuits against the judge in his state criminal case. *Id.* at 6. Plaintiff's filed objections to the Report in which he uses profane language to personally attack the magistrate judge. Based on tone of Plaintiff's objections and the expletives used by him, the court reasonably infers that Plaintiff does not intend to pay the filing fee even if given an extension of time to do so.

Accordingly, after carefully reviewing the pleadings, objections, file, applicable law, record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **overrules** Plaintiff's objections and **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) for failure to pay the filing fee. Further, the court **sanctions** Plaintiff as follows: (1) Plaintiff shall pay a $100 fine to the clerk of the court by February 29, 2016; and (2) he is barred from filing any civil action in the United States District for the Northern District of Texas without first paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **adopts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial

partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As provided above, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 20th day of January, 2016.

_____
Sam A. Lindsay
United States District Judge